**Alvaro AMADOR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–76416.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 25, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Jennifer J. Kenney, Esquire, Anthony W. Norwood, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Alvaro Amador, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005).

** This disposition is not appropriate for publication and is not precedent except as provid-

We deny in part and grant in part the petition for review, and remand for further proceedings.

■ The BIA did not abuse its discretion in denying Amador's motion to reopen because Amador did not include evidence that his previous marriage was invalid and, therefore, did not submit clear and convincing evidence indicating a strong likelihood that his current marriage is bona fide. *See* 8 C.F.R. § 204.2(a)(1)(iii)(B); *see also Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003) (upholding denial of motion to remand to adjust status where movant failed to submit sufficient documents to satisfy regulatory requirements).

■ The BIA improperly failed to address Amador's contention that the additional hardship evidence as to his mother that he submitted with his motion warranted reopening with respect to his cancellation of removal application. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). We therefore remand for the agency to address this claim. *Id.*

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**